UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD STURGIS,

     Petitioner,

v.

SHANE PLACE, *Warden*,

     Respondent.

Case No. 15-11682
Honorable Laurie J. Michelson

---

**OPINION AND ORDER**
**GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [28] AND**
**DISMISSING HABEAS CORPUS PETITION WITHOUT PREJUDICE**

---

In 2012, a jury found Petitioner Donald Sturgis guilty of, among other offenses, stalking his ex-girlfriend and posting an unlawful message about her online. *See* Mich. Comp. Laws §§ 750.411h, 750.411s. The state trial court then sentenced Sturgis to 5 to 35 years in prison. Sturgis now petitions this Court for release by way of a writ of habeas corpus. (Dkt. 1, Pet.)

Respondent Catherine Bauman (who, despite the case caption, is the proper respondent as she is the warden of the facility where Sturgis is presently incarcerated), argues that Sturgis' petition should be denied because his claims are not exhausted. (Dkt. 28, Mot. for Summ. J. at 4.) The Court disagrees with Bauman that *none* of Sturgis' claims are exhausted. But the Court does find that seven of Sturgis' claims are not exhausted. As this makes Sturgis' habeas corpus petition "mixed" (it contains both exhausted and unexhausted claims), and because Sturgis does not confront statute-of-limitations issues if he were to exhaust, dismissal of Sturgis' petition is proper.

## I.

### A.

Sturgis' petition sets forth four "grounds" for relief which, due to their compound nature, amount to ten claims for the writ. In "Ground One," Sturgis asserts that he was charged with and convicted under "constitutionally invalid statutes." (Pet. at Pg ID 18, 137.) For example, he complains that the Michigan Compiled Laws that he was convicted under lack the language, "The People of the State of Michigan enact[.]" (*Id.*) Relatedly, Sturgis says that his trial and appellate counsel were ineffective by failing to make this argument (and that appellate counsel was ineffective for not claiming that trial counsel was ineffective for not making the argument). (Pet. at Pg ID 14, 16.) In "Ground Two" Sturgis asserts that the state trial court lacked "criminal subject matter jurisdiction" because of "not properly filed court documents." (Pet. at Pg ID 138.) For example, Sturgis says that the trial court failed to use a "state approved complaint," properly file the complaint, or notarize the complaint by a "jurat certification." (*Id.*) He also argues that the trial court failed to "establish any underlying facts for a probable cause determination for an arrest warrant." (*Id.*) Additionally, Sturgis states that trial and appellate counsel were ineffective, presumably for failing to raise these issues. (*Id.*) In "Ground Three," Sturgis says that the Court should grant him habeas relief because the state trial court knowingly allowed his ex-girlfriend to testify falsely. (Pet. at Pg ID 140.) He also asserts that, during sentencing, the trial court improperly scored Offense Variable 19. (*Id.*) Finally, in "Ground Four," Sturgis claims that his convictions are invalid because they infringe on his right to engage in speech protected by the First Amendment to the federal Constitution. (Pet. at Pg ID 143.)

To have exhausted these ten claims, Sturgis must have "fairly presented" them to the Michigan Court of Appeals and the Michigan Supreme Court. *Wagner v. Smith*, 581 F.3d 410,

414 (6th Cir. 2009) ("To be properly exhausted, each claim must have been 'fairly presented' to the state courts. This includes a requirement that the applicant present the issue both to the state court of appeals and the state supreme court.").

But a review of Sturgis' direct appeal reveals that—with exceptions for the claim that the trial court lacked probable cause to issue a warrant for his arrest and the claim that the trial court incorrectly scored Offense Variable 19—he did not present the claims raised in Ground One, Ground Two, or Ground Three of his petition to the Michigan Court of Appeals and the Michigan Supreme Court. On direct appeal to the Michigan Court of Appeals, Sturgis' appellate counsel filed a brief asserting two claims of error, and Sturgis filed a separate "Standard-4" *pro per* brief raising four more. Collectively, the two briefs raised these six claims: (1) the trial court erred in preventing him from raising a First Amendment defense (Rule 5 Materials at Pg ID 807), (2) the trial court incorrectly scored OV19 (*id.* at Pg ID 811), (3) the evidence at trial was insufficient to support a finding that he acted with the requisite intent (*id.* at Pg ID 835–36), (4) because Sturgis' ex-girlfriend "had testified falsely in respect to the facts of the case," police officers and the prosecutor lacked probable cause for his arrest (*id.* at Pg ID 838–39), (5) the prosecutor unconstitutionally charged him with multiple offenses arising out of a single "criminal episode" (*id.* Pg ID at 841), and (6) the prosecutor exceeded her discretion in charging Sturgis with multiple offenses and engaged in misconduct by pursuing charges without probable cause (*id.* Pg ID at 844). Sturgis sought leave from the Michigan Supreme Court raising these six claims (and, as will be discussed, some others). (*See* Rule 5 Materials at Pg ID 972–1046.)

Although these six claims were fairly presented to both the Michigan Court of Appeals and the Michigan Supreme Court, none raise the issue of being convicted under invalid statutes as asserted in Ground One of Sturgis' habeas corpus petition. Nor do any raise the issue of

improperly filed court documents as asserted in Ground Two. Nor do any assert the false-testimony claim raised in Ground Three. It is true that in his Standard-4 brief, Sturgis asserted that there was no probable cause for his arrest and prosecution because the police and prosecutor knew that his ex-girlfriend had provided false statements. (Rule 5 Materials at Pg ID 839–40, 846–47). But the claim in Ground Three does not (directly at least) involve the police, the prosecutor, or probable cause. Instead, Sturgis seeks habeas relief on the ground that "[t]he *court* allowed perjured testimony" and that "the trial *court* knew [his ex-girlfriend's] testimony was false." (Pet. at Pg ID 140 (emphasis added).)

Accordingly, Sturgis' counsel's brief and Sturgis' Standard-4 brief did not "fairly present" to the state courts the following claims for a writ of habeas corpus: (1) that Sturgis was charged with and convicted of "constitutionally invalid statutes," (2) that Sturgis' trial counsel was ineffective in failing to make this argument, (3) that Sturgis' appellate counsel was ineffective in the same way and for failing to assert trial counsel's ineffectiveness, (4) that the state trial court lacked "criminal subject matter jurisdiction" over Sturgis because of "not properly filed court documents," (5) that trial counsel was ineffective in failing to make this argument, (6) that appellate counsel was ineffective in the same way and for failing to assert trial counsel's ineffectiveness, and (7) that the state trial court knowingly allowed Sturgis' ex-girlfriend to testify falsely.

Sturgis does not appear to dispute this conclusion, but argues that five other motions or briefs exhausted these seven claims. The Court disagrees.

*One.* In July 2014, Sturgis filed a state habeas corpus petition. (Resp. to Mot. at Pg ID 1100, Exs. 7A, 7B, 7C.) But Sturgis did not appeal the state court's dismissal of his habeas petition for lack of jurisdiction to the Michigan Court of Appeals and the Michigan Supreme

4

Court. So his state habeas filing did not exhaust the seven unexhausted claims. *See Wagner*, 581 F.3d at 414 ("To be properly exhausted, each claim must have been 'fairly presented' to the state courts. This includes a requirement that the applicant present the issue both to the state court of appeals and the state supreme court." (citation omitted)).

*Two.* In September 2014, following the Michigan Court of Appeals' affirmance of his conviction and sentence, Sturgis filed a motion for reconsideration and a motion to dismiss in the Michigan Court of Appeals. Even assuming these raised the seven unexhausted claims, "[a] claim is not fully and fairly presented to the state courts if its merits will not be considered unless there are special reasons for review. The Michigan Court of Appeals limits its review to issues identified in the 'statement of issues presented.' Matters first raised on a motion for rehearing are not included in the statement of issues presented." *Paredes v. Johnson*, 230 F.3d 1359, 2000 WL 1206544, at *1–2 (6th Cir. Aug. 18, 2000) (unpublished). Thus, Sturgis' motions for reconsideration and to dismiss—filed after the Michigan Court of Appeals ruled on the six claims of error he raised on direct review—did not amount to "fair presentation" for exhaustion purposes. *See McDowell v. Larson*, No. 14-10188, 2014 WL 4986795, at *2 (E.D. Mich. Oct. 7, 2014) ("Presenting new issues to an intermediate state appellate court for the first time in a motion for reconsideration does not constitute a fair presentation of those claims for purposes of exhaustion." (citing cases)). Notably too, the Michigan Court of Appeals did not even address the merits of the two motions, instead finding them untimely filed. (*See* Rule 5 Materials at Pg ID 872.)

*Three.* Sturgis says that in September 2014, he filed a motion with the state trial court raising at least the seven unexhausted claims. (*See* Resp. to Mot. at Pg ID 1108–09, 1161.) But the Oakland County Circuit Court docket reflects that Sturgis filed no motion in 2014. *People v.*

5

*Sturgis*, No. 2012-240961-FH (Oakland Cty. Cir. Ct. filed Apr. 10, 2012), *available at* https://courtexplorer.g2gcloud.com/oaklandcounty. Sturgis stresses that a motion by a prisoner is filed when the prisoner places it in the hands of prison officials for mailing. (*See* Resp. at Pg ID 1109–10.) But, as will be explained below, the Court does not yet find it justified to excuse exhaustion on the basis that prison officials are thwarting Sturgis' attempts to do so. Because the Oakland County Circuit Court did not receive or rule on Sturgis' September 2014 motion (let alone the Michigan Court of Appeals and the Michigan Supreme Court) the Court finds that the motion does not suffice to exhaust the claims of Ground One and Ground Two. *See Wagner*, 581 F.3d at 414.

   *Four.* In seeking leave to appeal from the Michigan Supreme Court, Sturgis appears to have raised the seven unexhausted claims as "New Issue I," "New Issue II," and "New Issue III." (*See* Rule 5 Materials at Pg ID 972.) But raising a claim that was not properly raised before the Michigan Court of Appeals (or addressed by that appellate court) as a new issue in a motion for leave to appeal to the Michigan Supreme Court does not exhaust the claim. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (finding that "the submission of a new claim to a State's highest court on discretionary review" did not "constitute[] a fair presentation"); *McDowell*, 2014 WL 4986795, at *2 ("[P]resenting new issues for the first time before a state supreme court on discretionary review does not amount to a 'fair presentation' of those claims to the state courts for exhaustion purposes." (citing *Castille*, 489 U.S. at 351)).

   *Five.* It is possible that Sturgis attempted to file a motion for relief from judgment in the state trial court just two months ago. (*See* Resp. at Pg ID 1155 (motion for relief from judgment with ambiguous reference to "12-3-2015").) But the Oakland County Circuit Court docket reflects that no such motion was actually filed. The docket instead shows that Sturgis last filed a

motion with the state trial court in March 2015 seeking a credit toward his restitution. And even if Sturgis has recently filed a motion for relief from judgment, it would not satisfy the exhaustion requirement because it has not been ruled on and has not been appealed to the Michigan Court of Appeals and the Michigan Supreme Court. *See Wagner*, 581 F.3d at 414.

Accordingly, the Court finds that seven claims asserted in Sturgis' habeas corpus petition, identified above, are not exhausted. The other three claims are.

**B.**

The general rule is that habeas corpus petitions containing both exhausted and unexhausted claims must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Although there is an exception to this rule when dismissal would make it difficult for a habeas corpus petitioner to exhaust and refile his petition before AEDPA's one-year statute-of-limitations period expires, *see Rhines v. Weber*, 544 U.S. 269, 275–78 (2005), no such difficulty exists here.

Following the Michigan Supreme Court's denial of Sturgis' request for leave to appeal, *People v. Sturgis*, 861 N.W.2d 37 (Mich. 2015), Sturgis filed a motion for reconsideration. That was denied about three months ago. *People v. Sturgis*, 871 N.W.2d 161 (Mich. 2015). And, less than two months ago, Sturgis filed a petition for writ of certiorari in the United States Supreme Court, which remains pending. As such, AEDPA's one-year clock has not even started to run on Sturgis. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (holding, for purposes of AEDPA's statute-of-limitations, that "the conclusion of direct review occurs when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari"); *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003) (finding that direct review included the Michigan Supreme Court's "refus[al] to reconsider its decision denying McClendon leave to appeal his conviction"). Further, that clock will be paused once Sturgis' "properly filed" motion

for relief from judgment is "pending" in the state trial court. 28 U.S.C. § 2244(d)(2). Thus, dismissal rather than stay is the proper result.

## C.

Finally, although "a failure to exhaust will not prevent a federal court from addressing a claim in a habeas case if 'there is an absence of available State corrective process,'" *Broom v. Mitchell*, 441 F.3d 392, 399 (6th Cir. 2006) (citing 28 U.S.C. § 2254(b)(1)(B)(i)), that is not the case here. In particular, Sturgis can file a motion for relief from judgment with the Oakland County Circuit Court. *See* Mich. Ct. R. 6.502; *see also Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009). And to the extent that Sturgis has tried to do so but has had difficulty due to his incarceration, this Court is not yet prepared to say that avenue is closed: Sturgis has successfully filed over 20 documents in this case (including eight motions), a motion in the Oakland County Circuit Court in March 2015, and a petition for writ of certiorari in the United States Supreme Court in December 2015. Sturgis thus has no difficulty filing motions or petitions to challenge his conviction, the absence of the motions for relief from judgment on the state trial-court docket notwithstanding.

## II.

Before concluding, the Court briefly addresses the eight motions Sturgis has filed in this case.

In two motions, Sturgis asks to be released pending this Court's ruling on his habeas corpus petition. (Dkts. 11, 13.) Because the Court has concluded that the state courts should first address the unexhausted claims of Sturgis' petition, the Court declines to grant this "exceptional" relief. *See Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) ("In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based

8

on the facts surrounding the petition but also the existence of some circumstance making the motion for bail exceptional and deserving of special treatment in the interests of justice."); *Lucas v. Hadden*, 790 F.2d 365, 367 (3d Cir. 1986) ("We doubt that it is appropriate to grant bail prior to ruling on a state habeas petition solely on the ground that there is a high likelihood of success on the merits, especially absent exhaustion of state remedies.").

In another motion, Sturgis presumes, because of the "gavels" on a printout of the electronic case docket that he received, that this Court ruled on several of his motions but did not send him its decisions. (*See* Dkt. 25.) That did not occur. To the contrary, the referenced "gavels" indicate a motion remains pending. This Court has made no rulings regarding Sturgis' motions or petition until now.

In the same motion, Sturgis asserts that he did not receive a copy of the Warden's response to his two motions for bond. (*See* Dkt. 25 at Pg ID 301.) It is unclear why this happened, but, at this point, sending Sturgis a copy of the response would be futile as this Court has concluded that this case should be dismissed on exhaustion grounds.

Sturgis has also moved for an order requiring Respondent or the Clerk of Court to "furnish him with facsimile copies of all Rule 5 materials[.]" (Dkt. 30 at Pg ID 1089.) In addition to requesting the Rule 5 materials, Sturgis also claims that he filed certain motions in the Oakland County Circuit Court that are not part of those materials. (*Id.* at Pg ID 1091.) Sturgis implies that these motions (and the Rule 5 materials) will permit him to demonstrate that he exhausted his administrative remedies. (*Id.*) But, again, no such motions appear on the Oakland County Circuit Court docket. And, as discussed, the Court is not yet prepared to conclude that exhaustion should be excused due to filing difficulties. As such, ordering Respondent or the Clerk of Court to supply Sturgis with the motions he says are missing from the Rule 5 materials

would not help him establish exhaustion. The motion will therefore be denied. *See Burns v. Lafler*, 328 F. Supp. 2d 711, 718 (E.D. Mich. 2004) (providing that a habeas corpus petitioner must show "good cause" to obtain discovery).

In four motions, Sturgis takes issue with the magistrate judge giving Bauman over five months to file a response to his habeas corpus petition. (Dkts. 11, 12, 13, 17.) Sturgis points out that 28 U.S.C. § 2243 states in part,

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto. The writ, or order to show cause shall be directed to the person having custody of the person detained. *It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.*

(Emphasis added.) The Court does not disagree with Sturgis that the plain language of § 2243 supports his argument that five months to respond is too long. But "courts have held that Rule 4 [of the Rules Governing Section 2254 Proceedings] supersedes § 2243, allowing the Court to determine an appropriate period of time for response." *Petersen v. Russell*, No. 07-4114-RHB, 2009 WL 2191902, at *2 (D.S.D. July 22, 2009) (citing cases); *see also* R. Governing § 2254 Proceedings 4, advisory committee note ("In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under Sec. 2243 in determining within what time period an answer must be made."). Thus, § 2243 did not render the magistrate judge's order improper.

In another motion, Sturgis asks this Court to grant him leave to file a habeas corpus petition with excess pages. (Dkt. 8.) But neither the Rules Governing Section 2254 Proceedings nor the Local Rules for the Eastern District of Michigan prescribe any page limit. So Sturgis' request is denied as unnecessary.

In three motions, Sturgis asks to amend or supplement his petition. (Dkts. 4, 18, 27.) That request is moot—should Sturgis seek federal habeas corpus relief in the future, he is free to file a petition with the desired amendments and supplements.

### III.

For the reasons given, the Court finds the following claims of Sturgis' habeas corpus petition unexhausted: (1) that Sturgis was charged with and convicted of "constitutionally invalid statutes," (2) that Sturgis' trial counsel was ineffective in failing to make this argument, (3) that Sturgis' appellate counsel was ineffective in the same way and for failing to assert trial counsel's ineffectiveness, (4) that the state trial court lacked "criminal subject matter jurisdiction" over Sturgis because of "not properly filed court documents," (5) that trial counsel was ineffective in failing to make this argument, (6) that appellate counsel was ineffective in the same way and for failing to assert trial counsel's ineffectiveness, and (7) that the state trial court knowingly allowed Sturgis' ex-girlfriend to testify falsely. As Sturgis has an open avenue to exhaust these claims, he must do so before this Court addresses them. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." (internal quotation marks omitted)). Accordingly, Bauman's summary-judgment motion (Dkt. 28) is GRANTED and Sturgis' habeas corpus petition (Dkt. 1) is DISMISSED WITHOUT PREJUDICE. All of Sturgis' pending motions are DENIED.

The Court also directs the Clerk of Court to substitute Catherine Bauman as Respondent in this case.

Finally, the Court believes that no reasonable jurist would argue that all of Sturgis' claims are exhausted, so a certificate of appealability will not issue from this Court. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). But if Sturgis nonetheless chooses to appeal, the appeal would not be in bad faith; so he may proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  February 29, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 29, 2016.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson